HENRY SALZMAN AND MINNIE B. SOBEL (NEE MINNIE BISGAER), PLAINTIFFS, v. WILLIAM C. ROBINSON AND AMELIA ROBINSON, HIS WIFE, DEFENDANTS.

Decided April 1, 1932.

For the plaintiffs, *Feld & Weiss.*

For the defendants, *Levenson, Comen & Levenson.*

ACKERSON, S. C. C.   This action was begun by attachment to recover upon a bond the deficiency resulting from the foreclosure of an accompanying mortgage under the provisions of an act entitled "An act concerning proceedings on bonds and mortgages given for the same indebtedness and the foreclosure and sale of mortgaged premises thereunder." *Pamph. L.* 1880, *p.* 255; 3 *Comp. Stat., p.* 3420, and the supplement thereto ; *Pamph. L.* 1907, *p.* 563; 3 *Comp. Stat., p.* 3423.

The matter now comes before me upon a motion to strike out the joint answer filed by the defendants upon the ground that it is sham.   The defendants have not filed any affidavits in support of their answer and at the argument of the motion necessarily conceded that the sufficiency of their entire answer depends upon the efficacy of the second and third separate defenses set forth in said answer.

These separate defenses are interrelated and allege in substance that the plaintiffs did not file a notice of their intention to institute this suit, in accordance with the statute in such case made and provided, and that the notice alleged to have been filed in attempted compliance with said statute was defective and improper.

The notice referred to is required by section one of the above mentioned supplementary act (*Pamph. L.* 1907, *p.* 563; 3 *Comp. Stat., p.* 3423, § 51), which provides as follows:

"No judgment shall be entered by confession on any bond where a mortgage has or may hereafter be given for the same debt, or in any action on said bond unless prior to the entry of judgment, if same shall be by confession; or prior to the beginning of such action; if the proceedings be by action, there shall be filed in the offices of the clerk of Common Pleas except in counties where there is a register of deeds and mortgages, then in the office of the register of deeds and mortgages of the county in which the lands described in the mortgages given with such bonds are situate, a written notice of the proposed judgment or action setting forth *the court in which it is proposed to enter such judgment or begin such action,* the names of the parties to such bond and to such judgment or action, the book and page of the record of the said mortgage, together with a description of the lands or real estate described therein."

It is not disputed that a notice was filed by the plaintiffs in the Bergen county clerk's office where the lands described in the mortgage accompanying the aforesaid bond are situated. The only criticism directed against this notice by the defendants is that it states that an action is about to be commenced in the New Jersey Supreme Court, *Passaic county,* whereas the summons and complaint in this action are entitled in the New Jersey Supreme Court, *Hudson county.* It is, therefore, insisted that the notice is of no effect because the plaintiffs instituted suit in a county other than that set forth in their notice, and as the provisions of the above quoted statute are mandatory, this action cannot be maintained.

The difficulty with this contention is that it overlooks the fact that the foregoing statute merely requires the designation of the court in which it is proposed to begin the action, and not of the venue where the issues are to be eventually tried by a jury. The notice in the case *sub judice* designates the New Jersey Supreme Court as the forum in which the action is to be brought. The words "Passaic county," added thereto, merely designated the venue where the actual trial will be held, and this may be changed by the court at any

time. 3 *Comp. Stat., p.* 4115, § 203. There is only one Supreme Court in this state, and all papers in all actions therein, wherever the venue is laid, must be filed with the clerk of said court at Trenton, who, at the appropriate time, sends a transcript of all pleadings to the county where the venue is laid for use at the trial. The lien of a judgment therein is effective throughout the state, so that notice that an action is to be brought in the New Jersey Supreme Court when filed in the proper county, would be effective notice to any title searcher examining the records of that county with respect to lands situated therein.

The defendants rely upon the cases of *Penn Co.* v. *Marcus,* 95 *Atl. Rep.* 766, and *Neu* v. *Rogge, Ibid.* 632, to sustain their contention. Neither of these cases is in point however. In the first the notice filed failed to set forth any court in which it was proposed to enter the judgment. In the second case no notice at all was filed before instituting suit, and after judgment by default had been entered and motion made to open same, it was held that such notice could not be filed *nunc pro tunc.* In the instant case, as already noted, the court in which it was proposed to institute this action was designated, but the venue where it was proposed to have the trial take place was stated to be in a county different from that mentioned in the complaint filed in said court.

That such a situation would not militate against the legal effectiveness of the notice filed is apparent when we consider the object which the legislature had in view in providing for a *lis pendens* in such cases. Section 3 of the act of 1880, *supra,* provides in effect, that upon the entry of judgment for the deficiency on the bond, such judgment automatically opens up the foreclosure decree and sale thereunder, and gives the judgment debtor the opportunity to redeem by paying in full the amount for which the decree was rendered, &c., provided he brings suit for redemption within six months after the entry of such judgment against him. Such a situation made the titles to mortgaged lands purchased under foreclosure sales uncertain and precarious; for, under the act of 1880, there was nothing to prevent an action from be-

ing commenced and a judgment entered, not only in the court of the county where the lands is situated, but in the Supreme Court, or in any County Court or District Court, if within its jurisdictional amount, or even in a foreign jurisdiction, and hence a prospective purchaser might find nothing on record effecting the property in the county where the land is situated, and thus such purchaser, though he exercised the greatest diligence and caution, might be led into the purchase of a defeasible title. And this is the main evil which the aforesaid supplementary act of 1907 (*Pamph. L.* 1907, *p.* 563; 3 *Comp. Stat., p.* 3423), requiring notice of *lis pendens* to be filed in the county where the lands are located, was intended to remedy. *Neu* v. *Rogge, supra.* Undoubtedly the notice in the instant case, having been filed in the county where the land in question is situated, and designating the court in which this action was actually begun, sufficiently complied with the purpose of the last mentioned act, even though the complaint in this action designated a different county for the trial of the issues involved than that stated in the notice of *lis pendens.*

The defendants' answer will, therefore, be stricken out as sham, and an order may be presented in accordance with the conclusion thus reached.